**James Vincent CARRAO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 958–89.**

Court of Criminal Appeals of Texas, En Banc.

May 30, 1990.

Certiorari Denied Feb. 19, 1991.

See 111 S.Ct. 988.

Larry Sauer (on appeal only), Austin, for appellant.

William L. Schroeder, Dist. Atty., and R. Bruce Boyer, Asst. Dist. Atty., New Braunfels, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

CAMPBELL, Judge, dissenting.

This petition was initially granted in order to flesh out the requirements for a motion of notice under Tex.R.Crim.Evid. 404, and to further explore what constitutes compliance with such a motion. Despite the fact that this Court has never addressed these important questions, the majority has seen fit to improvidently grant appellant's petition. *Cf.* Tex.R.App. Pro. 200(c)(2). Because of the important nature of this issue of first impression, coupled with my belief that the Austin Court of Appeals erred in its opinion, I must dissent to the majority's decision to dismiss this petition.

A jury convicted appellant of arson and the trial court assessed punishment at ten (10) years imprisonment. The Court of Appeals affirmed in an unpublished opinion. *Carrao v. State,* No. 3–87–097–CR (Tex. App.—Austin, delivered February 22, 1989). In their opinion, the Court of Appeals held that appellant did not make a timely request for notice of the State's intent to introduce an extraneous act under Tex.R.Crim.Evid. 404(b) and that the request upon which appellant relied was not specific enough to call the trial court's attention to the problem. I disagree.

The rule referred to is as follows:

Rule 404. Character Evidence not Admissible to Prove Conduct; Exceptions; Other Crimes

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

Appellant's Motion for Discovery and Inspection requested disclosure of, inter alia:

Complete details regarding any "extraneous offense" or act of misconduct allegedly committed by the Defendant that the State anticipates may possibly be offered at any stage of the trial, including in rebuttal or at the punishment stage.

The State sought to introduce evidence concerning a prior fire loss claim made by appellant. The court conducted a hearing outside the presence of the jury during which appellant objected to this evidence because the State had failed to provide notice of their intent as required by Rule

404(b). The State pointed out that their file had been open to appellant's attorney, who admitted he had knowledge of the witness' name and potential testimony. However, he informed the trial court that while he had knowledge of the identity and potential testimony of the witness, he did not know from reading the State's file whether they intended to actually call the witness to testify. Based upon the open file policy of the District Attorney's Office the trial court overruled the objection. The record shows that a visiting judge had granted the quoted portion of the Motion for Discovery approximately seven months prior to trial.

The court below first held that the request for notice was not timely filed. The record belies that holding, showing as it does that the motion was granted as to the part relied upon by appellant some seven months prior to trial.

The Court of Appeals next held that the request quoted above was not specific enough in that it did not request "notice" of the State's intent but, instead, asked only for the "details" of any such extraneous act. The court held, "One may not reasonably infer from such language a 'request' for *notice*, in advance of trial, of the State's *intent to introduce evidence* of other acts."

This Court has not had occasion to write on the notice requirement within 404(b). Resort to Federal cases is not possible since the Federal rules have no such notice requirement.

Objections must be viewed in the light of common sense. I believe it is inconceivable that the language in the Motion for Discovery was not understood by the State. The record shows that the trial judge understood the objection completely but, as noted, overruled it due to the State's open file policy, and appellant's counsel's action in taking advantage of that policy. The State argues that they had no duty to provide the notice seemingly required by the rule since they made their file completely open for inspection by appellant's attorney. However, that would only provide appellant with knowledge that a wit-

ness was available to testify to an extraneous offense should the State elect to call him to testify, but does not indicate that the State intended to call him. The notice requirement within the rule speaks to the intent of the State, not the availability of witnesses. There are many reasons why the State, in possession of certain evidence, may elect not to present that evidence. Thus, the mere fact that evidence exists cannot provide the notice required by the rule, and an open file policy alone cannot supply that notice.

The record here shows that the District Attorney did not know prior to the actual date of the trial whether the evidence was admissible. The State argues that this shows they could not have provided notice of their intent to present this evidence because they had not yet formed such intent. This begs the question. Obviously the District Attorney had formed the intent to seek admission of the evidence some time prior to the date of trial since he sought advice as to its admissibility. Whether a particular piece of evidence is admissible certainly may have some impact on the District Attorney's intent, but it does not necessarily determine that intent. Further, this would allow the District Attorney to circumvent the rule's requirements for notice by intentionally not deciding to seek admission until the day of trial. This is one of the reasons for the notice requirement.

I would reverse the judgment of the Court of Appeals and remand for a determination of harm under Tex.R.App.Pro. 81(b)(2). Unfortunately, I am consigned to dissent.

CLINTON and MILLER, JJ., join in this opinion.