**Gabriel ESPINOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–0532–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1991.

Michael B. Charlton, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated

sexual assault of a child. TEX.PENAL CODE ANN. § 22.021. He was convicted and the jury assessed punishment at imprisonment for eighteen years. Appellant brings four points of error. We affirm.

Appellant was the live-in boyfriend of the complainant's mother. It was alleged that appellant sexually assaulted the complainant, an eight year-old girl, on several occasions while her mother was away at work. The complainant made outcry to her mother on January 1, 1989.

■ In his first point of error, appellant contends the trial court erred in admitting evidence of extraneous offenses because the State failed to provide appellant with adequate notice of its intent to use them. Appellant contends that he timely requested notice in his discovery motion.

TEX.R.CRIM.EVID. 404(b) states that evidence of other crimes, wrongs, or acts are admissible "... provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence...."

Appellant filed his discovery motion approximately a year before trial but never brought it to the attention of the trial court and never obtained a ruling on the same. Appellant had an obligation to do so. *See Allison v. State*, 618 S.W.2d 763, 764 (Tex. Crim.App. [Panel Op.] 1981); *See also Cruz v. State*, 762 S.W.2d 624, 627 (Tex. App.—Houston [14th Dist.] 1988, no pet.). On the day of trial, appellant complained of the lack of notice regarding "the specifics" of the extraneous offenses the State intended to offer. Appellant registered a complaint despite having access to the State's file up to the time of trial. Appellant argues, however, that the State's open file policy did not constitute sufficient notice, relying on the dissenting opinion in *Carrao v. State*, 800 S.W.2d 218 (Tex.Crim. App.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 988, 112 L.Ed.2d 1072 (1991).

In *Carrao*, appellant filed a petition for discretionary review seeking a determination of the requirements for a motion of notice under TEX.R.CRIM.EVID. 404(b). Appellant's petition was dismissed as improvi-

dently granted. In a dissenting opinion, Judge Campbell wrote that the open file policy of the district attorney's office was insufficient to provide reasonable notice of the State's intent to introduce extraneous offenses. He pointed out that such a policy only provides a defendant with knowledge of the availability of extraneous offense evidence, while rule 404(b) speaks to the intent of the State, not to the availability of evidence. 800 S.W.2d at 219.

With all due respect to Judge Campbell, we maintain that by providing the defense with actual knowledge of all of the evidence in the State's file, the State has provided sufficient notice to appellant to prepare a defense to any and all of that evidence. To require the State to do more would demand that it divulge in advance its trial strategy.

■ We also note that, in *Carrao*, the trial court granted appellant's discovery motion seeking "details" of any extraneous offense approximately seven months before trial. 800 S.W.2d at 219. On the facts of this case, we hold that appellant's request for notice of the State's intent to use extraneous offenses was untimely. We further hold that the State's open file policy constituted reasonable notice to appellant of the State's intent to use extraneous offenses. We overrule appellant's first point of error.

■ In his second point of error, appellant contends the trial court erred in allowing the State to introduce evidence of extraneous offenses through the testimony of the outcry witness.

The State's notice under TEX.CODE CRIM. PROC.ANN. art. 38.072 (Vernon Supp.1992) stated that the complainant's mother would testify that, on or about December 27, 1988, appellant: kissed the complainant's "bottom" with his tongue; rubbed the complainant's sexual organ with his hand; and, made the complainant touch and kiss his sexual organ. The outcry witness testified not only to acts specified above, but also that appellant: (1) rubbed his sexual organ on the complainant's sexual organ; (2) kissed the complainant on her sexual organ

and touched the complainant while his finger was inserted into the complainant's sexual organ; (3) kissed the complainant on her mouth and rubbed his sexual organ on the complainant's rectum. Appellant contends that the outcry testimony is limited to the acts stated in the notice.

The first act was testified to without objection by appellant. Thus, appellant failed to preserve error regarding the admission of that evidence. TEX.R.APP.P. 52(a). The second set of acts arguably comport with the acts described in the notice. The notice states that appellant rubbed his hand on the complainant's sexual organ while the outcry witness's testimony is that appellant inserted his finger into the complainant's sexual organ. The notice also states that appellant kissed the complainant's "bottom" while the outcry witness's testimony is that appellant kissed the complainant's sexual organ. The third set of acts are the only thing new. The State, however, provided appellant with an extensive summary of the statement. The trial court, at appellant's request, held a hearing outside the presence of the jury to determine the content and scope of the outcry witness's testimony and to allow appellant the opportunity to cross-examine her. The outcry witness testified before the jury to the same acts she described in the hearing. We hold that appellant did not suffer any harm resulting from the deficiency in the statement. *Norris v. State*, 788 S.W.2d 65, 68 (Tex.App.—Dallas 1990, pet. ref'd). We overrule appellant's second point of error.

In his third point of error, appellant contends the trial court erred in admitting the complainant's statement to police.

During cross-examination of the complainant, defense counsel introduced portions of the statement into evidence by reading verbatim selected questions and answers in an attempt to show that the questioner was suggesting certain answers to the child. With defense counsel having read a portion of the complainant's statement into the record, the State was entitled to offer the remainder of the statement. TEX.CODE CRIM.PROC.ANN. art. 38.24 (Vernon 1979); TEX.R.CRIM.EVID. 107. We overrule appellant's third point of error.

In his fourth point of error, appellant contends that the trial court erred in failing to instruct the jury on the lesser-included offense of indecency with a child.

In determining whether a charge on a lesser-included offense is required, a two step analysis is used. First, the lesser-included offense must be within the proof necessary to establish the offense charged. Second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser-included offense. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (opin. on Court's motion for reh'g).

Appellant contends that the necessity for such an instruction was raised by defense counsel's cross-examination of the complainant. Defense counsel's cross-examination of the complainant proposed that the complainant's answers to questions regarding the acts committed by appellant were suggested to her by those asking her the questions. In other words, that appellant was not guilty of any offense. In addition, appellant took the stand and denied all allegations that he sexually molested the complainant. If the defendant presents evidence that he committed no offense at all, or if he presents no evidence and there is no evidence otherwise raising the issue, a charge on the lesser-included offense is not required. *Aguilar v. State*, 682 S.W.2d 556, 558 (Tex.Crim.App.1985). There is no evidence establishing appellant's guilt of only the lesser-included offense. We overrule appellant's fourth point of error and affirm the judgment of the trial court.