**Gabriel ESPINOSA, Appellant,**

v.

**The STATE of Texas.**

**No. 097–92.**

Court of Criminal Appeals of Texas, En Banc.

April 7, 1993.

Rehearing Denied May 19, 1993.

Michael B. Charlton, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Denise Dryer, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of aggravated sexual assault and his punishment was assessed by a jury at eighteen years in the penitentiary. This conviction was affirmed. *Espinoza v. State*, 828 S.W.2d 53 (Tex.App.—Houston [14th] 1991). We granted discretionary review to determine whether, under Tex.R.Crim.Evid. 404(b), appellant properly requested that the State give notice of its intent to offer evidence of extraneous offenses and whether the State's open file policy constituted reasonable notice. We will affirm.

Appellant was charged with sexually assaulting the eight year-old daughter of his live-in girlfriend. The indictment alleged that on or about December 27, 1988, appellant caused the penetration of the victim's female sexual organ with his mouth and tongue. Immediately before trial, appellant filed a motion in limine arguing that the State should be precluded from offering evidence of extraneous acts not specifically alleged in the indictment and evidence that the act alleged in the indictment was part of a continuing course of conduct. In support of his motion, appellant argued that the State had failed to provide him with sufficient details of those acts. Responding to the State's protestations that its open file policy provided sufficient notice, appellant acknowledged having access to the State's file and being aware of unalleged specific extraneous acts. He complained, however, that the offense report did not set out the dates of the acts, and he concluded, "And I do not think that that notice is sufficient for failing to meet the criterion of some specificity of time." The trial court overruled the objection and allowed evidence of a number of sexual acts appellant committed against the victim over a period of time.

In the Court of Appeals, appellant contended that the trial court erred by admitting evidence of extraneous offenses because the State did not comply with the notice requirements of Rule 404(b), which provides:

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, **provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such**

**evidence other than that arising in the same transaction.**[1] (emphasis added).

Appellant argued that he requested notice of the State's intent to offer evidence of extraneous acts in his motion for discovery, filed approximately one year before trial. This motion requested that the trial court order the State, "to produce the items designated below and permit the Defendant to inspect, copy and/or conduct chemical or analytical tests on such items, including...." Thereafter followed a list of fourteen items such as documents, statements, tangible objects, witness lists, etc. Item fourteen stated, "Notice of any and all extraneous offenses alleged to have been committed by the Defendant which the State may raise during the trial of this cause, including the date, time, location and names of witnesses to the alleged offenses." While the motion was filed in the trial court and a copy served on the State, the record does not reflect that it was ever ruled upon by the trial court.

The Court of Appeals held that appellant's request for notice of the State's intent to use extraneous offenses was inadequate. It reasoned that appellant's discovery motion was not a Rule 404(b) request because appellant never presented it to the trial court or obtained a ruling thereon, and appellant's request on the day of trial for details of the acts the State intended to offer was untimely. *Id.* at 54. It then held that the State gave reasonable notice of its intent to use extraneous offenses via its open file policy. *Ibid.*

We note at the outset that the question of what constitutes a proper request under Rule 404(b) has not previously been decided by this Court.[2] Nevertheless, the proviso plainly requires a "timely request"

of the State that it give "reasonable notice" prior to trial of its intent to offer evidence of certain extraneous matters deemed relevant for particular purposes. The request should be in writing and served on the prosecution. In other words, the State must be put on notice that the defendant is requesting such notice pursuant to Rule 404(b).

To determine whether filing a motion for discovery in the trial court and serving a copy on the State triggers the notice provisions of Rule 404(b), we must consider the form of the motion itself. By nature, a discovery motion is addressed to the trial court, not the State, and it requests that the trial court order the State to produce evidence. Often such motions are filed as a matter of standard procedure may be utilized only as a last resort if the State does not cooperate in voluntarily turning over information or evidence in an informal setting. A discovery motion is not otherwise productive until it is ruled upon by the trial court. See *Kinnamon v. State*, 791 S.W.2d 84, 92 (Tex.Cr.App.1990) (defendant did not request that trial court order time, place, and manner of inspection); *Young v. State*, 803 S.W.2d 335 (Tex. App.—Waco 1990), remanded on other grounds, 830 S.W.2d 122 (Tex.Cr.App.1992) (defendant did not obtain hearing on discovery motion). While we agree with appellant that a request for notice under Rule 404(b) need not be acted on by the trial court before the State is obligated to comply, appellant did not serve the State with a request for notice but with a copy of a motion for discovery, requesting the trial court to order notice. The motion made no mention of Rule 404(b).[3]

---

1. We will assume for purposes of argument that the evidence in this case of a continuing course of conduct, including acts other than those specifically charged in the indictment, were extraneous offenses and were not part of the same transaction under Rule 404(b). The State contested this on original submission in the Court of Appeals but has not resurrected that argument here.

2. We dismissed as improvidently granted a petition raising this same issue. See *Carrao v. State*, 800 S.W.2d 218 (Tex.Cr.App.1991) (dissenting opinion, Campbell, J.), cert. den., 498

U.S. 1097, 111 S.Ct. 988, 112 L.Ed.2d 1072 (1991).

Fed.R.Evid. 404(b) was amended effective December 1, 1991, to include a notice requirement similar to that contained in our rule, but there is little caselaw construing the amendment and none germane to the precise issue before this Court.

3. The better practice would be for a defendant to file a separate document entitled "Request for Notice of Intent to Offer Extraneous Offenses," specifically referring to the provisions of Rule

While we may assume the State makes itself aware of the contents of a discovery motion, the State need not comply with requests contained in a discovery motion until the trial court orders it to do so.

Appellant urges that since a Rule 404(b) request does not require a ruling by the trial court, it is of no consequence that his discovery motion was not presented or ruled upon by the trial court. He contends that *Durish v. Panan Intern. N.V.*, 808 S.W.2d 175 (Tex.App.—Houston [14th] 1991, no writ), supports his position. *Durish* dealt with the duty of a party to supplement its answers to written interrogatories. The court of appeals held that the failure to supplement would result in automatic sanctions. *Id.* at 179. However, written interrogatories mandate a response from the party served without any action by the trial court; the document itself is self-operative. See Tex.R.Civ.Pro. 168. Conversely, a motion requests action by the trial court and is not binding until granted.[4]

 Therefore, we hold that when a defendant relies on a motion for discovery to request notice pursuant to Rule 404(b), it is incumbent upon him to secure a ruling on his motion in order to trigger the notice requirements of that rule. In this case, appellant's discovery motion did not operate as such a request. We also note that appellant's motion in limine did not specifically request notice of the State's intent to use extraneous offenses at trial. As pointed out above, appellant agreed that he had knowledge of the evidence in the State's file; the crux of his motion was that he was entitled to the specific times and locations of the extraneous acts. Even were we inclined to find that this motion constituted a request under Rule 404(b), we would still be constrained to agree with the Court of Appeals that this request, filed on the day of trial, was untimely.

As we have held that appellant did not effectively request notice of the State's intent to use extraneous offenses pursuant to Rule 404(b), the State was not required to give notice. We find it unnecessary to reach the merits of appellant's second ground for review concerning whether the State's open file policy satisfied the notice requirements of Rule 404(b). Appellant's second ground for review is therefore dismissed as improvidently granted. With that understanding, the judgment of the Court of Appeals is affirmed.

BAIRD, Judge, concurring.

Because extraneous conduct is frequently involved in criminal trials, we should take this opportunity to provide as much guidance as possible to the trial courts and the parties in future cases where the notice provision of Tex.R.Crim.Evid. 404(b) is involved. Because the majority opinion does little to clarify the issue, I am writing separately.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.*

To make an adequate request under Rule 404(b) the better practice is for the defendant to file a document entitled "Rule 404(b) Request for Notice of Intent to Offer Extraneous Conduct" and to timely serve the State with a copy of the request. In this situation, the defendant is not re-

---

404(b). We do not hold that a specific citation to the rule is required in order to preserve error; however, it seems logical that if a defendant is truly seeking notice, his request will be clear and unambiguous and will be brought to the State's attention. On the other hand, a request buried in a discovery motion never presented or ruled upon might be interpreted as an attempt to build error into the record.

4. Certainly in this situation, had the trial court granted Appellant's discovery motion, the State would have been required to give notice by virtue of the trial court's order. *Compare Carrao*, 800 S.W.2d at 219.

quired to obtain a ruling from the trial judge. However, if the request is made within a discovery motion, the defendant is compelled to obtain a ruling because the State need not comply with the requests in a discovery motion until the trial judge orders compliance. Finally, a motion in limine is insufficient to invoke the notice provisions of Rule 404(b). *Gonzales v. State*, 685 S.W.2d 47, 50 (Tex.Cr.App.1985).

In the instant case, the request was within a discovery motion never ruled upon by the trial judge. Moreover, appellant's motion in limine was insufficient. Therefore, the majority correctly concludes appellant's request was inadequate to invoke the notice provisions of Rule 404(b).

With these comments, I concur in the judgment of the Court.

MALONEY, Judge, dissents with note:

Rule 404(b) only requires that the accused present a "timely request" for notice of the State's intent to introduce evidence of extraneous offenses. As noted in the majority opinion, appellant's motion for discovery was filed at least one year prior to the trial date in this case. Because that motion bears a certificate of delivery showing that it was delivered to the State's attorney, I see no reason why the motion should not be deemed a sufficient notice and request pursuant to Rule 404(b).