Carl BUCHANAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–93–00209–CR, 01–93–00210–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 31, 1994.

Winston E. Cochran, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ernest Davila, and Mark Vinson, Asst. Dist. Attys., for appellee.

Before HUTSON–DUNN, ANDELL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

In 1990, appellant, Carl Buchanan, was indicted in cause number 562,943 for aggravated assault. Appellant pled guilty to the offense, and the trial court deferred adjudication. In 1991, appellant was indicted in cause number 598,811 for aggravated sexual assault and aggravated kidnapping. The State also moved to adjudicate guilt in cause number 562,943.

After trial to the court, appellant was found guilty on both counts in cause number 598,811. The court also adjudicated guilt in cause number 563,943. Appellant was sentenced to 10–years confinement in cause number 562,943, 75–years confinement for the aggravated kidnapping count in cause number 598,811, and 50–years confinement on the aggravated sexual assault count in cause number 598,811. The sentences in the two causes were to run consecutively. Appellant appeals these convictions. We affirm.

■ The State has filed a motion to dismiss the appeals, claiming that appellant failed to file a timely notice of appeal pursuant to Tex.R.App.P. 40(b)(1) & 41(b)(1). On December 3, 1992, the court assessed punishment in these cases. The record shows that appellant was informed of his right to appeal and was provided the necessary form for doing so. However, appellant did not file his notice of appeal at that time.

On December 29, 1992, appellant filed a document entitled "Motion to Obtain the Statement of Facts & Transcript." Appellant's motion was granted on March 1, 1993, and the court determined that the motion represented defendant's attempt to give a timely notice of appeal.

The State argues that appellant's motion was insufficient to perfect an appeal under the applicable rule of appellate procedure, which provides in part:

Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. *Such notice shall be sufficient if it shows the desire of the defendant to appeal* from the judgment or other appealable order....

Tex.R.App.P. 40(b)(1) (emphasis added).

The issue this Court must resolve is whether appellant's motion for a statement of facts gave sufficient notice of his desire to

appeal. We hold that it does.[1] In *Miles v. State*, 842 S.W.2d 278, 279 n. 1. (Tex.Crim. App.1989), the court found that a written appeal bond showed the desire of the defendant to appeal and was sufficient to constitute notice of appeal.

A statement of facts and a transcript are usually necessary parts of the record on appeal. It is the appellant's burden to see that an adequate record is presented to the appellate court for review. TEX.R.APP.P. 50(d). By filing a motion to obtain the statement of facts and the transcript, we believe that appellant was attempting to comply with this requirement, thus indicating his intent to appeal.

Because we have determined that appellant's notice of appeal was adequate, the State's motion to dismiss the appeals as untimely filed is overruled.

In his first point of error, appellant contends that the evidence was insufficient to sustain a first-degree felony conviction for aggravated kidnapping in cause number 598,-811. The evidence adduced at trial shows that on May 17, 1991, appellant confronted the complainant, Dolly Williams, at her flower shop in Houston, and demanded that she talk to him. When she went outside and stood beside his car, appellant grabbed her and pushed her inside the car. Ms. Williams made several attempts to escape, to no avail.

Appellant drove to a cemetery where Ms. Williams' parents were buried, and made her stand on the edge of an open grave. He then said, "Bitch, that's where they put your mother and father and that's where a bitch like you needs to be at." Appellant then raped Ms. Williams three times. Appellant finally drove Ms. Williams to her mother's house, where he released her after again threatening to kill her.

Appellant argues that, under TEX.PENAL CODE ANN. § 20.04(b) (Vernon 1989), he cannot be convicted of a first degree felony because he released Ms. Williams in a safe place. We agree that the undisputed evidence presented at the *guilt phase of the trial* indicates that Ms. Williams was released at her mother's home, presumably a safe place.

However, the issue of safe release is properly litigated at the *punishment phase of the trial*, because it is a factor that mitigates punishment. *Williams v. State*, 851 S.W.2d 282, 286 (Tex.Crim.App.1993); *Robinson v. State*, 739 S.W.2d 795, 797 (Tex. Crim.App.1987). In *Williams*, the court held that, during the punishment phase of the trial, the initial burden is on appellant to produce evidence that the complainant was released in a safe place. The burden then shifts to the State to convince the fact finder that the place was unsafe. If appellant fails to meet his threshold burden of proof, the accused will be punished as a first-degree felon. *Williams*, 851 S.W.2d at 286.

In this case, appellant introduced evidence at the *guilt* phase of the trial that indicated safe release. However, he introduced no evidence whatsoever on the issue during the *punishment* phase of the trial, nor was the evidence adduced at the guilt phase reoffered at the punishment phase. We hold that the evidence must be presented during the punishment phase. Such a holding is required for several practical reasons. For example, there is no guarantee that appellant will be sentenced by the same judge who presides over the guilt phase of the trial. Unless evidence of safe release is presented at the punishment phase, the sentencing judge will not have the benefit of such mitigating evidence. Also, there is the possibility that several months will pass between the trial and the sentencing. In fact, such is the situation in this case. Appellant was found guilty on October 15, 1993, but he was not sentenced until December 3, 1993. Because of the passage of time and the number of cases heard by our criminal courts, it would be unreasonable to expect our district judges to recall minute details from the guilt phase of the trial.

---

1. We note that appellant is appealing from a conviction after a trial before the court, not from a guilty plea. Therefore, the more stringent requirements for perfecting an appeal, as set forth in *Moreno v. State*, 866 S.W.2d 660, 661 (Tex.App.—Houston [1st Dist.] 1993, no pet.), are not applicable.

Because we find that appellant failed to introduce any evidence at the punishment phase of the trial on the issue of safe release, he was properly punished as a first-degree felon.

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred by admitting evidence of an extraneous offense for which the requisite notice had not been given. Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, *provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence* other than that arising from the same transaction.

TEX.R.CRIM.EVID. 404(b) (emphasis added).

At trial, the State introduced evidence that two days before the date of the charged offenses, appellant drove to Ms. Williams' residence and told her that he wanted to talk with her. Ms. Williams told appellant that she did not want to talk to him, but she got in his car to avoid an argument. Appellant then backed the car away. Ms. Williams told appellant that she did not want to go with him. Appellant continued backing the car away and replied, "I don't care what you want to do. I'm not bothering with that anymore." Then, while the car was still moving, Ms. Williams opened the car door and jumped out.

■ When this testimony was offered, appellant objected and claimed the State had failed to give the notice required by rule 404(b). The State responds by claiming that appellant's request for notice was untimely because he did not obtain a ruling by the trial court on his request for notice until the day of the trial. In *Espinosa v. State,* 853 S.W.2d 36, 38–39 (Tex.Crim.App.1993), the court indicated that there are two ways to request notice under rule 404(b). First, a defendant may file a discovery motion requesting notice. If the request for notice is made by a discovery motion, it must be ruled on by the trial court prior to trial. *Id.* at 39. However, the court indicated that it would be a better practice for a defendant to file a separate document entitled "Request for Notice of Intent to Offer Extraneous Offenses." *Id.* at 38 n. 3. Such a specific request for notice need not be acted on by the trial court before the State is obligated to comply. *Id.* at 38.

In this case, appellant did not file a discovery motion; he filed a specific request for notice. While a motion requires a ruling from the court, a specific request for notice does not. *Espinosa,* 853 S.W.2d at 39–40 (Baird, J., concurring). Because appellant filed a request for notice well before trial, and no ruling from the court is required for such a request, we find that appellant has timely requested notice of the State's intent to use rule 404(b) materials.

The State also argues that it gave appellant adequate notice by providing him with a copy of the offense report that referred to the previous incident between appellant and Ms. Williams. In support of this argument, the State cites the decision of the intermediate appellate court in *Espinosa v. State,* 828 S.W.2d 53, 54 (Tex.App.—Houston [14th Dist.] 1991), *aff'd,* 853 S.W.2d 36 (Tex.Crim. App.1993). In *Espinosa,* the appellate court held that the State had fulfilled its notice requirement because its open file policy had provided the defendant with actual knowledge of all the evidence in its file, including the extraneous offense evidence. Given such knowledge, the defendant was provided sufficient notice to prepare a defense to counter such evidence. The *Espinosa* decision was subsequently affirmed by the Court of Criminal Appeals; however, the court never reached the issue of sufficient notice.

We agree that the notice requirement is fulfilled by giving defendant access to the evidence of extraneous offenses via the State's open files policy. Appellant had *actual* knowledge of the extraneous offense evidence. When questioned by the court, appellant's trial counsel admitted that he had seen

the offense report containing the extraneous offense evidence:

> The Court: Do you believe you have been able to review the State's file totally?

> Appellant's Counsel: Yes, Your Honor, I have. This case has been pending quite some time so I have reviewed it on several occasions.

Because he had actual knowledge of the extraneous offense evidence contained in the offense report, appellant should have been prepared to defend against such evidence. Appellant was not surprised by the introduction of such evidence. Therefore, we conclude that by giving appellant access to the extraneous offense evidence, the State fulfilled the notice requirement of rule 404(a).

Appellant's second point of error is overruled.

■ In his third and fourth points of error, appellant contends that he is denied his right to equal protection, as guaranteed by the United States and Texas Constitutions, because he is not allowed to appeal the trial court's decision to adjudicate guilt in cause number 562,943. In support of his argument, appellant cites the concurring opinion in *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992), wherein Judge Overstreet expressed some concern about whether a deferred adjudication probationer should have the right to appeal the revocation of his probation, given the fact that regular probationers are given such a right.

■ The United States Constitution does not require a state to provide any sort of appellate review. *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Similarly, in Texas the right to appeal is statutory, not constitutional. *Ex part Spring*, 586 S.W.2d 482, 485–86 (Tex.Crim. App. [Panel Op.] 1978). The legislature has not seen fit to provide appellate review from a decision to adjudicate guilt in a deferred adjudication proceeding. Tex.Code Crim. P.Ann. art. 42.12, sec. 5(b) (Vernon Supp. 1994). Because the right to appeal is not a constitutional right, the legislature's decision not to provide such a right in deferred adjudication proceedings is not unconstitutional.

■ The equal protection clause allows the legislature considerable leeway to enact legislation that may appear to affect similarly situated persons differently. *Clements v. Fashing*, 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *Clark v. State*, 665 S.W.2d 476, 480–81 (Tex. Crim.App.1984). Unless the classification interferes with the exercise of a fundamental right or places a burden on a suspect class, the classification will not be set aside on equal protection grounds if it is rationally related to a legitimate state interest. *Clark*, 665 S.W.2d at 480–81.

The right to an appeal does not create a suspect class or infringe on a fundamental right. Therefore, the issue this Court must decide is whether the denial of the right to an appeal in deferred adjudication cases is rationally related to the accomplishment of a legitimate state interest.

We find that there is a rational basis for treating deferred adjudication probationers differently from regular probationers. In deferred adjudication, there is no finding of guilt until the probation is revoked. Therefore, if the deferred adjudication probationer successfully completes his probation, he will have no criminal record. On the other hand, a regular probationer is adjudicated guilty before he is placed on probation. As such, deferred adjudication probationers are given a valuable benefit that is not afforded to regular probationers. The legislature could rationally have chosen to condition the award of such a benefit on the relinquishment of a right to appeal, thereby relieving the case load of the appellate courts.

Appellant's third and fourth points of error are overruled, and the appeal of cause number 562,943, as it relates to the decision to adjudicate guilt, is dismissed.

■ In his fifth point of error, appellant contends the trial court erred by considering a dismissed indictment when he assessed punishment in both causes 652,943 and 598,-811. In support of this contention, appellant refers to the following statements made by the trial court at the time punishment was assessed:

(the Court) I've become convinced throughout everything I have heard in this case, regardless of where it came from—I don't know where it came from—that you are an extremely dangerous person.... I look back to January of 1974 when you were arrested for aggravated sexual assault and burglary. I know that case was dismissed at the Complainant's request; so, I can't really take that into account; but it is some indication of some violent behavior at that time.

However, we find that appellant did not properly preserve this point of error for review. To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling he desires, if the specific grounds are not apparent from the context. TEX.R.APP.P. 52(a). The record shows that appellant never objected to the consideration of the unadjudicated, extraneous offense.

Appellant's fifth point of error is overruled.

Appellant's appeal from the decision to adjudicate guilt in cause number 562,943 is dismissed. All other points of error relating to that cause are overruled, and the judgment is affirmed in all other respects. Cause number 598,811 is affirmed.

ANDELL, Justice, dissenting in part.

I agree with the majority in the reasoning and disposition of cause number 562,943. However, I disagree with the reasoning and disposition of cause number 598,811, and would reverse and remand that cause accordingly.

The majority holds that by giving appellant access to its files via an open file policy, the State has complied with the notice requirement of TEX.R.CRIM.EVID. 404(b). I disagree.

In *Carrao v. State*, 800 S.W.2d 218, 219 (Tex.Crim.App.1990), *cert. denied*, 498 U.S. 1097, 111 S.Ct. 988, 112 L.Ed.2d 1072 (1991), the court initially granted petition for discretionary review in order to discuss the requirements for sufficient notice under rule 404, but then dismissed the petition as improvidently granted. Judge Campbell dis-

sented to the dismissal of the petition, and indicated he did not believe that the State's open file policy constituted sufficient notice under rule 404(b). He argued that the notice requirement of the rule speaks to the *intent* of the State, and not the *existence* of the evidence. *Id.* at 219. I agree. The clear language of rule 404(b) requires notice of the State's *"intent to introduce* [evidence of other crimes, wrongs, or acts] in the State's case in chief...." TEX.R.CRIM.EVID. 404(b) (emphasis added). While the State's open file policy may provide a defendant notice of the State's *possession* of evidence of other crimes, it does not inform the defendant that the State *intends to introduce* that evidence at trial. Therefore, I would hold that the trial court erred by allowing the State to introduce evidence of other crimes without first providing appellant notice of its intent to do so.