TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00248-CR







Juan V. Blanco, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0941811, HONORABLE BOB PERKINS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted murder and assessed punishment at
imprisonment for twenty years. Tex. Penal Code Ann. § 15.01 (West 1994); (1) Penal Code, 63d
Leg., R.S., ch. 399, sec. 1, § 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May
28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal
Code Ann. § 19.02, since amended).

 In a single point of error, appellant contends that evidence of an unadjudicated
offense was erroneously admitted at the punishment stage. The evidence in question described
an incident in which appellant stole a sports car, drove through a residential neighborhood at high
speed, then lost control of the vehicle and crashed, leaving the stolen car a total loss. 

 Evidence of an unadjudicated extraneous offense committed by the defendant is
admissible at the punishment stage. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp.
1995). If requested to do so, the State must give the defendant reasonable notice of the
unadjudicated offense evidence it intends to offer. Id., § 3(g). Appellant contends the State failed
to give him reasonable notice that it intended to prove appellant's unauthorized use of a motor
vehicle and that the district court erred by admitting the evidence over appellant's objection. 

 On April 6, 1994, appellant filed a request for "advance written notice of [the
State's] intent to use evidence of other crimes, wrongs, or acts (extraneous offenses) in the State's
case in chief pursuant to Rule 404(b)." (2) On Friday, April 15, the prosecutor gave defense counsel
a copy of the police offense report concerning the unauthorized use incident and told counsel that
he intended to prove this unadjudicated offense "if I could get my witnesses together." 
Appellant's trial began on Monday, April 18, and the punishment phase began on Thursday, April
21.

 Appellant does not complain of the adequacy of the State's notice, but only of its
timing. See Buchanan v. State, 881 S.W.2d 376, 379-80 (Tex. App.--Houston [1st Dist.] 1994,
no pet.) (giving defense access to police offense report was adequate notice of unadjudicated
offense). Appellant argues that giving him notice only one working day before trial began denied
him a fair opportunity to investigate the extraneous offense. The record reflects, however, that
an investigator was appointed to assist defense counsel in this cause. There is no evidence that
the investigator was unable, during the six days between the prosecutor's notice and the beginning
of the punishment stage, to investigate adequately the allegations contained in the offense report. 
There is also no evidence that the information contained in the offense report, which is six pages
long and quite detailed, was inaccurate. On this record, appellant has failed to demonstrate that
the timing of the State's notice was unreasonable. Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 29, 1995

Do Not Publish

1.   The 1994 amendment to section 15.01(d) is irrelevant to this cause.
2.   The State reads this request as asking only for notice of extraneous offense evidence to
be offered at the guilt-innocence stage and therefore argues that it was under no obligation
to give appellant notice of the extraneous offense evidence it intended to offer at the
punishment stage. We express no opinion on this issue.