STUART, Justice.
Vincent Edward Davis was convicted of five counts of theft of property in the first degree, a violation of § 13A-8-3(a), Ala.Code 1975. The trial court sentenced him to 20 years in prison on each conviction, the sentences to be served concurrently. The Court of Criminal Appeals affirmed Davis’s convictions and sentences in an unpublished memorandum. Davis v. State (No. CR-01-1026, Aug. 23, 2002), 868 So.2d 483 (Ala.Crim.App.2002)(table). This Court granted the petition for a writ of certiorari to consider an issue of first impression: whether an accused’s request pursuant to Rule 404(b), Ala. R. Evid., contained in a discovery motion, that the State give notice of its intent to present evidence of an accused’s prior bad acts, must be filed with the trial court.
The record indicates that Davis served the prosecutor with a copy of his discovery motion and that included in the motion was Davis’s request that the State inform him of the general nature of all evidence of other crimes, wrongs, or acts the State intended to introduce at trial. After voir dire examination, Davis made a motion in limine, seeking to exclude evidence of his alleged deceptive acts other than those charged. Davis argued that the State had not provided him with notice of its intent to use this evidence as required by Rule 404(b), Ala.R.Evid. The trial court informed Davis that the court file did not contain the discovery motion in which Davis alleged he had requested that the State notify him of the evidence the State intended to introduce of other crimes, wrongs, or acts he had committed. The trial court rejected Davis’s argument and admitted the evidence offered by the State. Later in the trial, Davis informed the trial court that he had located his copy of the discovery motion and that he had not filed it with the circuit court clerk because he did not know the circuit court case numbers for the cases against him. The trial court allowed Davis at that time to file the motion in open court.
Rule 404(b), Ala. R. Evid., provides:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, *278 such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.”
(Emphasis added.)
The language of Rule 404(b) states that, in order for the prosecution to be required to “provide reasonable notice in advance of trial” of its intent to offer evidence of collateral bad acts considered relevant for particular purposes, the accused’s request must be made before trial. Additionally, the request should be served on the prosecution and, as customary in criminal cases, the request should be in writing. The plain language of Rule 404(b), however, does not appear to require that the trial court rule on the accused’s request that the prosecution be required to give notice to the accused of any evidence of collateral bad acts it intends to present; therefore, we must consider the form of the request itself to determine whether it must be filed in the trial court.
In this case Davis included his request for notice pursuant to Rule 404(b) in a discovery motion. Davis’s motion specifically requested the trial court to order the prosecution to produce all the evidence listed in the motion. See generally Rule 16.1, Ala.R.Crim.P. Rule 16 specifically provides that the State must comply within 14 days after a discovery motion “has been filed in court.” While we recognize that a request for notice under Rule 404(b), Ala. R. Evid., does not require an order from the trial court and we assume the prosecution makes itself aware of the contents of all motions served on it, the prosecution is not required to comply with any request contained in a discovery motion until the discovery motion is filed in the trial court.
Davis appears to argue that since a request made pursuant to Rule 404(b) does not require a ruling by the trial court, it is of no consequence that his discovery motion was not filed with, or ruled upon by, the trial court. However, a discovery motion is addressed to the trial court; it does not require action by the prosecution until after it is filed. Rule 16.1, Ala. R.Crim.P. Therefore, we hold that when a defendant requests notice pursuant to Rule 404(b) and places that request in a discovery motion, the defendant must file the motion in the trial court before the State is required to comply. Cf. Espinosa v. State, 853 S.W.2d 36, 38 (Tex.Crim.App.1993). Moreover, we note that Davis agreed that he had knowledge of the evidence contained in the State’s file; therefore, even if we were to hold that the State erred in failing to respond officially to the Rule 404(b) notice request, the error was at most harmless. Rule 45, Ala.R.App.P.
Regardless of the fact that the language of Rule 404(b) does not require that the request for notice be filed in the trial court, the fact that Davis included the request in a discovery motion relieved the State of a duty to respond until within 14 days of the date the motion was filed with the trial court. See Rule 16.1, Ala.R.Crim.P.
The judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MOORE, C.J., and SEE, BROWN, and HARWOOD, JJ., concur.