NUMBER 13-00-298-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JAIME GARCIA , Appellant,


v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 156th District Court

of Bee County, Texas.

__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Castillo and Kennedy (1)

Opinion by Justice Kennedy


 Appellant pleaded guilty to the offense of sexual assault and was placed on deferred probation for six years. Subsequently,
based upon an amended motion to revoke his probation filed by the State, the court conducted a hearing at which appellant
pleaded "not true" to the allegations contained in the motion. After hearing evidence, the trial judge revoked appellant's
probation and sentenced him to eleven years confinement. In his notice of appeal, appellant states that the appeal is based
upon a jurisdictional defect. His appeal contains three points of error, as follows:

 

 


 Appellant should not be barred from appealing the revocation of his deferred adjudication probation because if Article
42.12 Section 5(b), Texas Code of Criminal Procedure, Annotated precludes appellate review of deferred adjudication
revocation probation hearings, it violates the Texas Equal Rights Clause of Article 1, Section 3 of the Texas
Constitution and the Equal Protection Clause of the 14th Amendment of the United States Constitution.


 

 


 Article 42.12, Section 5(b), Texas Code of Criminal Procedure Annotated is unconstitutional since the legislature has
divested the Texas Court of Appeals of their appellate jurisdiction to entertain criminal appeals, in violation of Article
V, Sections 5 and 6 of the Texas Constitution. 


 

 


 The trial court abused its discretion in revoking the probation of appellant.




The state has not filed a brief herein.

 Section 5(b) of Article 42.12 of the Code of Criminal Procedure says:

 On violation of a condition of community supervision imposed under subsection (a) of this section, the defendant may be
arrested and detained as provided in section 21 of this article. The defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be
taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment,
pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of
guilt had not been deferred. A court assessing punishment after an adjudication of guilt of a defendant charged with a state
jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the
sentence to be executed, regardless of whether the defendant has previously been convicted of a felony.

Tex. Code Crim. Proc. art. 42.12, Sec. 5(b) (Vernon 2001). 

 As noted, appellant argues that this section is unconstitutional for two reasons. We will consider first his charge that it
violates the Equal Rights Clause and Equal Protection Clauses of the federal and state constitutions. 

 The issue of equal protection was raised in Buchanan v. State 881 S.W.2d 376, 380 (Tex. App. - Hou. [1st Dist.] 1994),
petition granted on other points, Buchanan v. State 911 S.W.2d 11 (Tex. Crim. App. 1995). The Houston court ruled as
follows (all citations omitted):

 The United States Constitution does not require a state to provide any sort of appellate review. Similarly, in Texas, the
right to appeal is statutory, not constitutional. The legislature has not seen fit to provide appellate review from a decision to
adjudicate guilt in a deferred adjudication proceeding. Because the right to appeal is not a constitutional right, the
legislature's decision not to provide such a right in deferred adjudication proceeding is not unconstitutional. 

 The Equal Protection Clause allows the legislature considerable leeway to enact legislation that may appear to affect
similarly situated person differently. Unless the classification interferes with the exercise of a fundamental right or places a
burden on a suspect class, the classification will not be set aside on equal protection grounds if it rationally related to a
legitimate state interest. 

 The right to appeal does not create a suspect class or infringe on a fundamental right. Therefore, the issue this court must
decide is whether the denial of the right to appeal in deferred adjudication cases is rationally related to the accomplishment
of a legitimate state interest. We find that there is a rational basis for treating adjudication probationers differently from
regular probationers. In deferred adjudication, there is no finding of guilt until the probation is revoked. Therefore, if the
deferred adjudication probationer successfully completes his probation, he will have no criminal record. On the other hand,
a regular probationer is adjudicated guilty before he is placed on probation. As such, deferred adjudication probationers are
given a valuable benefit that is not afforded to regular probationers. The legislature could rationally have chosen to
condition the award of such a benefit on the relinquishment of a right to appeal, thereby relieving the caseload of the
appellate courts.

This ruling is logical and we adopt it as our own. Point of error one is overruled.

 Point of error two also alleges the unconstitutionality of Article 42.12, 5(b), in that by enacting the article, the legislature
has divested the courts of appeal of their appellate jurisdiction to entertain criminal appeals. This is said to be in violation
of Article V, Sections five and six of the Texas Constitution.

 Article V, Section 1 of the Texas Constitution provides, in pertinent part:

"Sec. 1 The judicial power of this state shall be vested in one supreme court, in one court of criminal appeals, in courts of
appeals, ....and in such other courts as may be provided by law." Tex. Const. Art. V, Sec. 1(Vernon 1993).

 The sections of Article V cited by appellant are numbers five and six. Section five provides for the jurisdiction of the
Court of Criminal Appeals. Sections six sets out the jurisdiction of the courts of appeals and contains this language:

 Said court of appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall
extend to all cases of which the district courts or county courts have original or appellate jurisdiction, under such
restrictions and regulations as may be prescribed by law....Said courts shall have such other jurisdiction, original and
appellate, as may be prescribed by law.

Tex. Const. Art. V Sec. 6 (Vernon 1993). (Emphasis added throughout).

 Appellant has cited no authority directly on point number two. We hold that Article 42.12, Sec. 5(b) does not violate the
terms of any portion of Article V of the Texas Constitution. We overrule point of error two.

 We have held that article 42.12, sec. 5(b) is not unconstitutional, therefore, by its terms we hold that we do not have
jurisdiction to consider point three which alleges abuse of discretion by the trial court in revoking appellant's probation. 

 We overrule appellant's first and third points of error and AFFIRM the judgment of the trial court. 

NOAH KENNEDY

Retired Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 1st day of November, 2001.

 

1. Retired Justice Noah Kennedy assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).