IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1943-04






ROBERT CHARLES McDONALD, Appellant



v.



THE STATE OF TEXAS
 




ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court, in which Keller, P.J., and
Meyers, Womack, Johnson, Keasler, Holcomb, and Cochran, JJ., joined. 
Hervey, J., concurred in the result. Cochran, J., filed a concurring opinion.


O P I N I O N 



 At the appellant's trial for indecency with a child, evidence of uncharged
misconduct was admitted over the appellant's objection that he did not receive notice as
required by Texas Rule of Evidence 404(b). On appeal, the Fourteenth Court of Appeals
held that notice was not required to admit the evidence because it arose from the same
transaction as the conduct with which the appellant was charged. We granted review of
the appellant's claim that notice was required because the uncharged conduct did not arise
from the same transaction. We hold that the court of appeals erred because the State was
required to provide notice to the appellant because the uncharged conduct introduced at
trial was not part of the same transaction. However, the trial court's abuse of discretion
did not result in harmful error, and we affirm the appellant's conviction.

I. Facts and Procedural History

 The appellant was charged with indecency with a child. The allegation stems from
contact the appellant had with the complainant, a ten-year-old girl, while she was staying
at her grandmother's house in Houston, Texas. The evidence at trial showed that the
appellant had been introduced to the complainant and her grandmother on a previous
occasion by the complainant's uncle. At that time, the appellant held himself out to be a
priest and was introduced as "Father McDonald," although there is no record of his being
ordained within the state of Texas. 

 On the day of the offense, the appellant presented himself during the morning at
the grandmother's apartment unannounced and adorned in clerical attire. He was
admitted by the complainant's grandmother, who sat in the living room with the appellant
and discussed transacting from a mail-order catalog. During the visit, the appellant
repeatedly asked the complainant to sit on his lap, and, once she did, he made her straddle
his legs while he moved his leg under her "private area," held her by the waist when she
tried to leave his lap, and kissed her breast. The complainant also testified that the
appellant asked to see under her dress and tried to look under her dress. For this conduct,
the appellant was charged with indecency with a child.

 Later the same day, the complainant's younger female cousin arrived at the
apartment after attending summer school. The complainant's sister and cousin played a
game called "dog," which involved the children crawling around on the floor, barking,
and acting like dogs. The complainant was not playing the game with her sister and
cousin, but she was in the room and she saw the appellant pull her younger cousin's
underwear and pants down to reveal her "bottom." The appellant also had complainant's
cousin straddle his leg while he rocked her, touched her breast, and asked the cousin to
touch his "private area."

 During the trial against the appellant for indecency with the complainant, the State
sought to introduce evidence of the appellant's conduct with the complainant's younger
cousin. At the appellant's request, the State provided notice of its intent to introduce
certain acts of uncharged misconduct involving the cousin, namely the similar act of
touching the cousin's breast. Despite the appellant's timely request, the State did not
notify the appellant that it would introduce evidence of the appellant pulling the cousin's
pants down. Over the appellant's objection that there was no notice of the State's intent
to use this evidence, the trial court admitted the testimony. The appellant was convicted
of indecency with a child, pled true to enhancements concerning prior convictions, and
was sentenced to life imprisonment.

 The appellant appealed his conviction for indecency with a child, claiming that the
trial court erred in admitting the evidence because the State had failed to provide notice as
required by Texas Rule of Evidence 404(b). The Fourteenth Court of Appeals held that
there was no error by the trial court in admitting the evidence without notice because the
evidence arose from the same transaction, making it exempt from the notice requirement
of 404(b). (1) The court of appeals also held, in the alternative, that 404(b) requires only
reasonable notice of the State's intent to introduce non-character conformity uncharged
misconduct and that, since the appellant introduced no authority to define the State's
notice as unreasonable, he had no point of error that afforded a basis for relief. (2) 

 The appellant petitioned this Court for discretionary review, claiming that the court
of appeals erred in finding that the evidence introduced did not require notice because it
arose from the same transaction and also that the court of appeals improvidently
dismissed his point of error even though he provided authority and a factual rationale for
his conclusion. 

 We granted the appellant's petition for discretionary review. 

 II. Parties' Arguments

 The appellant argues that the uncharged sexual misconduct involving the
complainant's cousin at a later time should not have been admitted without notice as
required by Rule 404(b) and that the court of appeals erred in finding that this conduct did
not require notice because it arose from the same transaction. The appellant asserts that,
although he asked for notice of uncharged misconduct, the State provided notice of only 
some of the acts toward the cousin, such as the appellant touching her breast, but did not
provide notice of its intent to introduce evidence of the appellant pulling down the
cousin's pants. 

 Further, the appellant claims that the act admitted without notice was not part of
the same transaction because it was committed later in the day and was of a far more
serious nature than those for which the appellant was on trial. To support his position, the
appellant cites the concurring opinion from the court of appeals, which said that the
majority misapplied the applicable law and erroneously relied on the close proximity in
time, location, and subject matter to determine that the appellant's actions toward
complainant's cousin were part of the same transaction as his actions toward the
complainant. (3) 

 Finally, the appellant asserts that the court of appeals erred when it dismissed his
complaint under the premise that he had failed to cite authority defining the standard for
reasonable notice or a rationale for showing how the State's notice of the other offenses
involving the cousin was not reasonable notice of the unspecified offenses. The appellant
points out that he cited case law for the proposition that, upon timely objection,
uncharged misconduct of which the appellant had no notice should not have been
admitted at trial. Further, he discussed why the admission of the uncharged misconduct
was damaging and why the trial court's decision was not within the zone of reasonable
disagreement.

 The State argues that the evidence of the appellant pulling the complainant's
cousin's pants down and asking her to touch him is exempt from the notice requirement
of Rule 404(b) because it arose in the same transaction as the events involving the
complainant. To support this position, the State points to the fact that the complainant
and her cousin were molested on the same day, during the appellant's same visit to their
grandmother's apartment, and within a short time period. The State contends that the
plain language of Rule 404(b) categorizes these facts as arising in the same transaction,
thereby requiring no notice for admission. The State also notes that the appellant never
objected to the admissibility of the evidence, only that he had not received reasonable
notice as required by 404(b). Finally, the State argues that providing the appellant with
notice of its intent to introduce evidence regarding contact with the cousin in addition to a
video tape detailing the uncharged misconduct at issue, there was sufficient notice to
prevent surprise and to apprise the appellant of the offenses the State intended to
introduce at trial involving the complainant's cousin. III. Law and Analysis

A. Properly Presented Point of Error

 The court of appeals held that the appellant provided no authority or reasoning to
show how the notice he received failed to constitute reasonable notice of the State's intent
to offer uncharged misconduct. We disagree. The appellant properly objected at trial to
the lack of reasonable notice of the State's intent to introduce uncharged offenses as
required by Rule 404(b), namely that he pulled down the cousin's pants and asked her to
touch him. The appellant also properly asserted this error on appeal by providing a record
that identified his objection to the lack of notice and by identifying case law, namely
Buchanan v. State, to assert that, upon a defendant's request for notice of uncharged
misconduct under Rule 404(b), the State is obligated to provide reasonable notice of that
conduct. (4) Accordingly, we hold that the appellant has presented a point of error that
affords a basis for relief, and we will consider whether he had reasonable notice as
required by 404(b). 

B. Uncharged Misconduct The court of appeals held that the trial court did not abuse its discretion in
admitting the uncharged misconduct. It concluded that the State was not required to
provide notice of its intent to introduce evidence that the appellant pulled the cousin's
pants down because this act was part of the same transaction as the appellant kissing the
complainant's breast and having her straddle his leg. 

 In determining whether a trial court erred in admitting evidence, the standard for
review is abuse of discretion. (5) A trial court abuses its discretion when its decision is so
clearly wrong as to lie outside that zone within which reasonable persons might disagree. (6) 

 In Buchanan v. State, we noted that "the mere presence of an offense report
indicating the State's awareness of the existence of such evidence does not indicate an
'intent to introduce' such evidence in its case in chief." (7) In Hayden v. State, we modified
this rule somewhat and said that, under some circumstances, when delivered shortly after
a defendant's request, witness statements that describe uncharged misconduct can
constitute reasonable notice under Rule 404(b). (8) 

 In Hayden, sometime after the defendant requested notice of uncharged
misconduct, the State provided a witness list and witness statements. (9) When the State
offered evidence of the uncharged misconduct during the trial, the defendant did not
dispute the State's claim that he had actual notice of the uncharged misconduct through
the witness statements. (10) We held that, in light of those circumstances, we could not
conclude that the trial court abused its discretion.

 The record in this case reflects that the State informed the appellant of several acts
of uncharged misconduct in four separate responses to the appellant's request for notice. 
Most notably, the State said that it intended to introduce evidence that the appellant
touched the cousin's breast. In none of these documents did the State inform the
appellant of its intent to offer evidence that he had pulled the cousin's pants down.

 During the trial, the State claimed that the appellant had actual notice of the pants
incident because the State had allowed the appellant's counsel to view a videotape on
which it alleged that the cousin told about the incident. The appellant's counsel said that
he had viewed the videotape, but that there was no mention of the pants incident. (11)

 This case is distinguishable from Hayden on two separate bases. First, the State
submitted documents that purported to consist of its notice of intent to offer acts of
uncharged misconduct. This appellant was entitled to rely upon the State's notices and to
assume that these acts were the only ones that the State intended to offer. Second, the
appellant disputed the State's claim that he had received actual notice of the pants
incident. Because of these two circumstances we cannot conclude that the exception we
outlined in Hayden applies to the facts of this case.

 The court of appeals held that evidence of the appellant's conduct toward the
complainant's younger cousin arose from the same transaction and was therefore
admissible under Rule 404(b) without reasonable notice by the State. In its decision
affirming the appellant's life sentence, the court of appeals held that because the evidence
was "closely related in time, location, and subject matter with the charged offense, it was
within the trial court's discretion to conclude that it was evidence 'arising in the same
transaction' for which notice was not required under [R]ule 404(b)." (12)

 Rule 404(b) requires the State to provide notice, upon the defendant's timely
request, of its intent to introduce evidence of other crimes, wrongs, or acts. An exception
to the notice requirement is when the evidence arises from the same transaction. (13) Under
Rule 404(b), however, same transaction contextual evidence is admissible "only to the
extent that it is necessary to the jury's understanding of the offense." (14) It is admissible
"only when the offense would make little or no sense without also bringing in the same
transaction evidence." (15) That is, it is admissible when several offenses are "so intermixed
or connected as to form a single, indivisible criminal transaction, such that in narrating
the one, it is impracticable to avoid describing the other." (16) 

 The court of appeals held that, because the challenged uncharged offense evidence
occurred "on the same day, during the appellant's same visit to the grandmother's
apartment, and within a short time after the charged offense," it was part of the same
transaction and, therefore, was admissible without notice. As the concurring justice
points out, however, the evidence about the second little girl was not necessary for the
jury to understand the appellant's conduct toward the complainant. (17) The evidence
concerning the complainant makes perfect sense without bringing in evidence of the
appellant's conduct with the cousin and is clearly divisible in that it involves a different
victim, at a different time, after the charged conduct was completed. (18) When the facts of
the primary offense can be understood on their own, notice is needed for evidence of
uncharged misconduct. (19) In this case, the primary offense was understandable on its own
facts. We therefore conclude that the trial court abused its discretion in admitting the
uncharged offense without notice because the appellant was entitled to notice upon
request under Rule 404(b).

C. Harm Analysis

 Because no constitutional error is involved when evidence of uncharged
misconduct is admitted without notice, we look to Texas Rule of Appellate Procedure
44.2(b). Under Rule 44.2(b), reviewing courts should disregard any error that did not
affect the appellant's substantial rights. We have interpreted this to mean that the
conviction should not be reversed when, after examining the record as a whole, the
reviewing court has a fair assurance that the error did not influence the jury or had but a
slight effect. (20) In this instance, the appellant objected only to the lack of notice as to the
uncharged misconduct. He did not object to the admissibility of the uncharged
misconduct itself. Accordingly, we look only at the harm that may have been caused by
the lack of notice and the effect the lack of notice had on the appellant's ability to mount
an adequate defense. (21)

 At trial, the appellant had an opportunity to cross-examine the complainant, the
source of the testimony concerning the uncharged misconduct. The record reveals the
appellant's strategy was to discredit the complainant and her ability to remember specific
details about her encounter with the appellant. The appellant did not deny his presence at
the house at the time or on the day in question. The appellant received notice that the
State would offer evidence concerning the appellant's conduct with the cousin, just not all
of the conduct that the State introduced. He had received notice of the State's intent to
introduce evidence of the appellant touching the girl's breast and did not object to its
admissibility. If the appellant was surprised by the testimony concerning the cousin, it
was only as to the additional allegation that the appellant pulled down the cousin's pants. 
It is hard to imagine that his defense would have been altered in any meaningful way. 
Furthermore, had there been legitimate surprise that required a re-evaluation of trial
strategy, the appellant could have requested a continuance. Because notice as to the
extraneous misconduct at issue would not have affected the appellant's trial strategy, we
conclude that the error did not influence the jury or had but slight effect.

IV. Conclusion

 The court of appeals erred in holding that the trial court did not abuse its discretion
by admitting the uncharged offense without notice. However, the trial court's abuse of
discretion did not result in harmful error, and we affirm the appellant's conviction.
Delivered: November 23, 2005.

Publish.
1. McDonald v. State, 148 S.W.3d 598, 601-02 (Tex. App.--Houston [14th Dist.] 2004).
2. Id. at 602.
3. McDonald, 148 S.W.3d at 605 (Frost, J., concurring).
4. 911 S.W.2d 11 (Tex. Crim. App. 1991).
5. Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999).
6. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).
7. 911 S.W.2d at 15.
8. 66 S.W.3d 269, 272 (Tex. Crim. App. 2001).
9. Id. at 270.
10. Id. at 272.
11. The video does not appear in the index of exhibits offered at trial and is not in the
record. There is no indication in the record whether the appellant's counsel viewed the video
before or after filing the request for notice.
12. McDonald, 148 S.W.3d at 602.
13. Tex. R. Evid. 404(b). 
14. Wyatt v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000); Pondexter v. State, 942
S.W.2d 577, 584 (Tex. Crim. App. 1996) (quoting England v. State, 887 S.W.2d 902, 915 (Tex.
Crim. App. 1994)).
15. Wyatt, 23 S.W.3d at 25; Pondexter, 942 S.W.2d at 584 (quoting England, 887 S.W.2d at
915).
16. Rogers v. State, 853 S.W.2d 29, 33-34 (Tex. Crim. App. 1993).
17. McDonald 148 S.W.3d at 605.
18. See, e.g. Buchanan, 911 S.W.2d at 15; Rogers, 853 S.W.2d at 33.
19. See Buchanan, 911 S.W.2d at 15.
20. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
21. Hernandez v. State, No. 2106-03 (Tex. Crim. App. Nov. 2, 2002).