[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-358-CR

 

 

DWAYNE MESIAH ALLEN                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                     OPINION
ON MOTION FOR REHEARING

 

                                              ------------

We deny Appellant=s motion for rehearing.  We
withdraw our opinion and judgment of June 15, 2006, and substitute the
following.

                                            Introduction

Appellant Dwayne Mesiah Allen
appeals from his conviction for murder. 
In two points, Appellant argues that the trial court erred by allowing
the State to introduce undisclosed extraneous-offense evidence and by refusing
to grant a mistrial after a State=s witness interjected hearsay despite the trial court=s instruction not to do so.  We
affirm. 








                                            Background

Appellant does not challenge
the legal or factual sufficiency of the evidence.  We will, therefore, limit our review of the
evidence to that necessary to put Appellant=s points into context.

Kisha Kennard was shot dead
in the kitchen of her family home on September 24, 2001.  Her eleven-year-old son witnessed the
shooting and later identified AppellantCwhom he had known for yearsCas the shooter.  Hours before
the murder, Appellant had cut Kennard with a knife and threatened to kill her. 

Police obtained a warrant and
attempted to arrest Appellant the next morning at the home he shared with his
mother.  His mother reported that he had
not returned home the night of the shooting. 
Nor did Appellant ever return to his job. 

Also on September 25, in an
attempt to determine Appellant=s whereabouts, Arlington Police Detective Jerome Albritton and Kennard=s sister obtained several phone numbers from Kennard=s caller I.D. device.  The
sister identified one of the numbers as that of a cell phone belonging to
Appellant. Albritton called the number. 
A man answered but hung up when Albritton identified himself as a police
officer. 








Albritton determined that the
cell phone number was registered to a cell phone account owned by Corie
Mills.  When he contacted MillsCwho did not know Appellant, Kennard, or other persons involved in the
caseCMills told him that her purse containing her cell phone and credit
cards had been stolen on September 25. 
Mills called her own cell phone number several hours after her purse was
stolen.  A man answered the phone, said
that he was in Houston, told Mills that he had purchased the phone on the street,
and offered to sell it back to her. 

At trial, Houston resident
Dante Leonard testified that on the evening of September 25, he was approached
by a man unknown to him who offered to sell a cell phone to him for $20.  Leonard bought the phone, but declined to buy
the purse the man also offered to him. 
Leonard testified that the man had a handgun in his car. 

Police later traced Appellant
to Louisiana and then to Virginia, where he was arrested.  He was tried and convicted of Kennard=s murder, and the trial court sentenced him to sixty years= confinement.  This appeal
followed.

                                             Discussion

1.     Extraneous-offense
evidence








In his first point, Appellant
argues that the trial court erred by allowing the State to introduce
extraneous-offense evidenceCevidence relating to the theft of Corie Mills=s purse and cell phone and Leonard=s testimony that the man from whom he bought the phone had a handgun
in his carCbecause the
State failed to give notice under rule 404(b) of its intent to offer the
evidence.  See Tex. R. Evid. 404(b).

Rule 404(b) provides,

Evidence of other crimes, wrongs or acts is not
admissible to prove the character of a person in order to show action in
conformity therewith.  It may, however,
be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident,
provided that upon timely request by the accused in a criminal case, reasonable
notice is given in advance of trial of intent to introduce in the State=s
case-in-chief such evidence other than that arising in the same
transaction.  

 








Id.  ARule 404(b) literally conditions admissibility of other-crimes
evidence on the State=s compliance
with the notice provisions of Rule 404(b).@  Hernandez v. State, 176
S.W.3d 821, 824 (Tex. Crim. App. 2005). 
To constitute an extraneous offense, the evidence must show that a crime
or bad act was committed and that the defendant was connected to it.  Moreno v. State, 858 S.W.2d 453, 463
(Tex. Crim. App.), cert. denied, 510 U.S. 966 (1993).      The
purpose of rule 404(b)=s notice requirement
is to prevent surprise to the defendant and apprise him of the offenses the
State plans to introduce at trial.  Hernandez,
176 S.W.3d at 823; Hayden v. State, 66 S.W.3d 269, 272 (Tex. Crim. App.
2001); Cole v. State, 987 S.W.2d 893, 897 (Tex. App.CFort Worth 1998, pet. ref=d).  The rule requires Areasonable@
notice.  Hayden, 66 S.W.3d at
272.  An Aopen file@ policy, by
itself, is not sufficient to comply with the rule=s notice requirement.  Buchanan
v. State, 911 S.W.2d 11, 15 (Tex. Crim. App. 1995).  We review the admission of rule 404(b)
evidence under the abuse of discretion standard.  See Hayden, 66 S.W.3d at 270.

In Buchanan, the trial
court admitted evidence of an extraneous offense that the State had not
disclosed in response to the defendant=s rule 404(b) request.  Id. at
14-15.  The State argued that the defense
had actual notice of the extraneous offense because it was reflected in an offense
report in the State=s file, the
State had an open file policy, and the defendant=s attorney had reviewed the State=s file on several occasions.  Id.
at 15.  The court of criminal
appeals held that the trial court abused its discretion by admitting the
evidence because Athe mere
opening of [the State=s] file
containing an offense report detailing extraneous evidence@ does not satisfy the rule 404(b) requirement of giving notice of Aintent to introduce@ such evidence.  Id.








In Hayden, the State
gave a witness statement to the defendant on the heels of the defendant=s rule 404(b) request.  Hayden,
66 S.W.3d at 269.  The witness statement
described extraneous offenses.  Id.
at 269-70.  Noting that Athe State has done more than simply say, >Look in our file and see what you can find,=@ the court of criminal appeals held that the trial court did not abuse
its discretion by concluding that delivery of the witness statement to the
defense provided the defense with reasonable notice under rule 404(b).  Id. at 273.  The court distinguished the facts of Hayden
from those of Buchanan: AIt is the fact of delivery, not the content of the statement, that
gave the defense notice here but not in Buchanan.@  Id., n.15.  The court went on to state,

While
the State should not be permitted to engage in gamesmanship by finding creative
ways to convey Anotice@
without really informing the defense of its intent to introduce extraneous
offenses, the defense should not be permitted to engage in gamesmanship by
claiming the notice it received was insufficient when the defense did in fact
have actual notice of the State=s intent to introduce the
extraneous offense in question. . . . What is in the record [in this case]
tends to support the conclusion that the defense did indeed have actual notice
of the State=s
intent to introduce the extraneous offenses, and hence, the trial court=s
decision to admit the evidence is supported by the record and must be upheld.

 

Id.,
n.16.  








The procedural facts in this
case fall somewhere between those of Buchanan and Hayden.  Here, Appellant made a timely rule 404(b)
request.  Prior to trial, the State
served two notices of intent to offer evidence of other crimes.  The notices recited in detail a total of
sixteen extraneous offenses, but neither notice mentioned the theft of Mills=s purse or cell phone or the handgun in the car.  Both notices stated that the AState intends to introduce each and every extraneous offense . . .
identified in . . . [the] offense reports . . . in the State=s file@ and
affirmed Athat the
State=s file shall remain accessible to defense counsel through the District
Attorney=s continuing open file policy.@  The record reflects that the
State=s file contained an offense report written by Detective Albritton
describing the theft of the purse and cell phone and the handgun in the car of
the man who sold the cell phone to Leonard. 
At trial, Appellant objected to evidence of the purse and cell phone
theft and the handgun.  Appellant=s counsel stated, AWe=re on actual
notice that [Detective Albritton=s] report exists.  We are not on
actual notice of [the State=s] intent to introduce those offenses[.]@  Over Appellant=s objection that the State had not complied with rule 404(b), the
trial court allowed the State to put on evidence concerning the theft of the
purse, the use of the cell phone, and the handgun in the car.








Based on the procedural
history presented by this case, we hold that the trial court abused its
discretion by admitting the purse, cell phone, and handgun evidence over
Appellant=s rule
404(b) objection.  Appellant=s counsel denied having actual notice of the State=s intent to introduce those offenses. 
The State did not list the theft of the purse in its detailed recitation
of sixteen other extraneous offenses it intended to introduce at trial.  Under these circumstances, the State=s boilerplate statement that it intended to introduce all extraneous
offenses reflected in its open file was nothing more than an invitation to Alook in our file and see what you can find@ and the sort of gamesmanship disapproved by Hayden.  Unlike Hayden, the record in this case
compels the conclusion that the defense did not have actual notice of the State=s intent to introduce the extraneous offenses.  Therefore, the trial court abused its
discretion by admitting the extraneous-offense evidence over Appellant=s objection.

Having found error, we must
conduct a harm analysis to determine whether the error calls for reversal of
the judgment.  Tex. R. App. P. 44.2. 
The court of criminal appeals recently addressed the standard for
assessing harm in the context of rule 404(b) in Hernandez, 176 S.W.3d at
824-26.  We apply the rule 44.2(b) harm
standard: evidence erroneously admitted under rule 404(b) is harmful if it had
a substantial and injurious effect or influence in determining the jury=s verdict.  Id. at 824
(citing  King v. State, 953 S.W.2d
266, 271 (Tex. Crim. App. 1997)).  If the
rule 404(b) evidence was Asubstantively
inadmissible@ and
substantially influenced the jury=s verdict, then the influence on the jury=s verdict will always be injurious. 
Hernandez, 176 S.W.3d at 825. 
But if the evidence was Asubstantively admissible@ and substantially influenced the jury=s verdict, Ait cannot be
said that this . . . influence was >injurious= if the
defendant was not surprised by the evidence.@  Id.








Thus, when erroneously
admitted rule 404(b) evidence is substantively admissible, the error is
harmless unless (1) it substantially influenced the jury=s verdict and (2) the defendant was surprised by the evidence.  See id.  In determining whether evidence had a
substantial influence on the verdict, we review the record as a whole.  See Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).  A defendant may
demonstrate surprise by showing how his defense strategy might have been
different had the State explicitly notified him that it intended to offer the
extraneous-offense evidence.  Hernandez,
176 S.W.3d at 826.

In this case, we hold that
the evidence concerning the handgun and the theft of the purse and cell phone was
substantively admissible; that is, it was admissible but for the State=s failure to provide notice to Appellant under rule 404(b).  See Alba v. State, 905 S.W.2d 581, 586
(Tex. Crim. App. 1995), cert. denied, 516 U.S. 1077 (1996) (holding
extraneous offense related to defendant=s flight admissible under rule 404(b)).  Moreover, Appellant made no objection to
the admission of the evidence other than his rule 404(b) objection.








We now review the entire
record to determine whether the erroneously admitted evidence had a substantial
influence on the jury=s
verdict.  The evidence shows that
Appellant cut Kennard with a knife and threatened to kill her a few hours
before the shooting.  Kennard=s son, DJ, was standing beside his mother in the kitchen of their home
and saw Appellant draw a gun and repeatedly shoot Kennard.[1]  Appellant fled north Texas after the shooting
and never returned to his home or his job. 
Police found his abandoned car in Lake Charles, Louisiana and ultimately
arrested him in Virginia.  Appellant
offered evidence that another man had threatened to kill Kennard on several
occasions in the past, but the man=s employer testified that he was at work on the night of the shooting
until he received a call notifying him that Kennard had been shot. 

Appellant argues that
evidence of the theft of the purse and the use and sale of the cell phone in
Houston established flight, which, argues Appellant, was a material part of the
State=s case.  While this evidence may
have reinforced the State=s proof that
Appellant fled after the shooting, it is insignificant compared to the evidence
that Appellant never returned to his home or his job, abandoned his car in
Louisiana, and was apprehended in Virginia.








We conclude that, in the
context of the entire case against Appellant, the trial court=s error in admitting the extraneous-offense evidence relating to the
purse, cell phone, and handgun did not have a substantial influence on the jury=s verdict.  See Hernandez,
176 S.W.3d at 824-25.  The evidence that
Appellant murdered Kennard is overwhelming to the extent that it dwarfs the
extraneous-offense evidence and renders it insignificant.  Because the evidence did not have a
substantial influence on the verdict, we do not reach the question of whether
Appellant was surprised by the evidence. 
We hold that the trial court=s error in admitting the extraneous-offense evidence did not affect a
substantial right.  See id.  Thus, we disregard the error as harmless
and overrule Appellant=s first
point.  See Tex. R. App. P. 44.2(b).

2.     Failure to grant a
mistrial

In his second point,
Appellant argues that the trial court erred by failing to grant a mistrial when
Detective Albritton stated that the man who answered Corie Mills=s cell phone identified himself as ADwayne@ immediately
after the trial court instructed Detective Albritton not to do so.








We review the trial court=s denial of the motion for a mistrial under an abuse of discretion
standard.  Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070
(2000).  When objectionable testimony is
elicited, inadvertently or deliberately, an appellate court presumes the jury
will follow instructions to disregard the evidence.  Id. 
It is well settled that testimony referring to or implying extraneous
offenses can be rendered harmless by an instruction to disregard by the trial
judge, unless it appears the evidence was so clearly calculated to inflame the
minds of the jury or is of such damning character as to suggest it would be
impossible to remove the harmful impression from the jury=s mind.  Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 918
(1993).  The determination of whether a
given error necessitates a mistrial must be made by examining the particular
facts of the case.  Ladd, 3 S.W.3d
at 567.

Detective Albritton testified
that he retrieved several numbers from Kennard=s caller ID device.  Kennard=s sister told Albritton that one of the numbers was for Appellant=s cell phone.  Albritton
testified that he called the number and someone answered. 

At this point, Appellant made
a hearsay objection to anything said by the person who answered the phone.  Outside the presence of the jury, the
following colloquy took place:

THE COURT: 
Ask him.  Let=s see
what his answer is.

 

. . . .

 

[By the prosecutor]

 

Q.     What
does the person on the other end say?

 

A.     Whoever was on the other end of the phone hung up immediately.

 

Q.     Okay.  Did the other
person on the other end of the phone say his name, say, this is Dwayne?

 

A.     He said Dwayne earlier, but then after I identified myself, he
hung the phone up.








Q.     Okay.

 

[PROSECUTOR]:  That=s it.

 

THE COURT: 
Well, I=ll
let him answer that question that he hung the phone up. 

 

The jury returned to the courtroom and the State
continued to examine Detective Albritton:

Q.     Let=s try
that again, please.  When you called this
number, what happened?

 

A.     After
I called the number, I identified myself as Detective Albritton, Arlington
police, and I asked for Dwayne.

 

Q.     And?

 

A.     He said, this is Dwayne -- . 


 

Appellant objected and asked the trial court to
instruct the jury to disregard.  The
trial court sustained the objection and instructed the jury to disregard the
question and answer.  Appellant then
requested a mistrial, and the trial court overruled his request. 








We agree with Appellant=s argument that Detective Albritton=s testimony that the man who answered the phone said, AThis is Dwayne,@ implies
that Appellant answered the phone and, therefore, that Appellant stole the
phone.  But we cannot say that this
evidence was so clearly calculated to inflame the minds of the jury or is of
such damning character as to suggest it would be impossible to remove the
harmful impression from the jury=s mind with an instruction to disregard.  Detective Albritton had just testified, without
objection, that Kennard=s sister had
identified the telephone number as belonging to Appellant=s cell phone.  Thus, there was
already evidence before the jury tying Appellant to the stolen phone.  Moreover, compared with the evidence that
Appellant murdered Kennard as we recounted in connection with Appellant=s first point, the theft of the purse and cell phone is trivial, not
damning.  Under the circumstances
presented here, we hold that the trial court did not abuse its discretion by
denying Appellant=s request
for a mistrial.  We therefore overrule
Appellant=s second
point.

                                             Conclusion

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

LIVINGSTON, J. filed a concurring opinion.

 

PUBLISH

 

DELIVERED:  August 17, 2006

 

 

 








 




 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-04-358-CR

 

 

DWAYNE MESIAH ALLEN                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                     CONCURRING
OPINION ON REHEARING

 

                                              ------------

I write separately only to
disagree with the majority opinion=s analysis on the admissibility of the one statement identifying the
person answering the cell phone as ADwayne.@  As the majority notes above, Appellant made a
hearsay objection when the State began to question Detective Albritton about
who answered the call when Albritton placed a call to a number Kennard=s sister had identified as belonging to Appellant.  

 








When Appellant made his
hearsay objection, the trial court removed the jury and had the State proceed
without its presence to see what the witness would say.  Albritton said he would testify that whoever
answered the phone identified himself as ADwayne@ originally
but that when Albritton identified himself and called back, the individual
merely hung up.  The trial court=s instructions indicated to the State that it would allow the State to
ask Albritton what happened when he called back and that the person hung up
once Albritton identified himself, but not to go into the person=s statement, AThis is
Dwayne.@          Despite this instruction, Albritton still disclosed that
someone answering the stolen cell phone had said, AThis is Dwayne.@  Appellant again objected and asked the trial
court for an instruction to the jury. 
The trial court sustained the objection and instructed the jury to
disregard both the State=s question
and Albritton=s answer,
but it denied Appellant=s request
for a mistrial.








Unlike the majority, I do not
believe the statement was hearsay, which was Appellant=s objection.  The rules of
evidence state that hearsay is a statement made for the purpose of the truth of
the matter asserted.  Tex. R. Evid. 801(d).  Here, the State contends and I would agree
that the statement, AThis is
Dwayne,@ was not offered by the State to prove that Appellant had stolen any
cell phone; rather, it was offered to show how Albritton=s investigation was proceeding regarding the various phone numbers on
the victim=s caller
identification.  It was not offered to
show that Appellant had stolen the cell phone; the jury already knew that.  See Head v. State, 4 S.W.3d 258, 259 (Tex.
Crim. App. 1999); Enriquez v. State, 56 S.W.3d 596, 600 (Tex. App.CCorpus Christi 2001, pet. ref=d).  Thus, I would hold that the
statement was not hearsay and that the objection should not have been
sustained, making the instruction to disregard unnecessary, as well as any
mistrial.

While the result would remain
the same under my analysis or the majority=s, I respectfully concur based upon the foregoing.

 

 

 

TERRIE LIVINGSTON

JUSTICE

 

PUBLISH

 

DELIVERED:  August 17, 2006











[1]In
his motion for rehearing, Appellant argues that DJ could not have seen the
shooter because the blinds were closed. 
But the record reflects that DJ demonstrated and described to the jury
several times how he looked through the blinds and identified Appellant. 















 [COMMENT1]

Majority by Justice Gardner

Concurrence by Justice
Livingston