# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2013

Lyle W. Cayce
Clerk

No. 12-70033

MICHAEL JOHN YOWELL,

Petitioner-Appellant,

versus

RICK THALER, Director,
Texas Department Of Criminal Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:07-CV-132-C

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Yowell was convicted of murder and sentenced to death.[1]  We reversed a grant of habeas corpus relief and remanded for consideration of two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The background facts, procedural history, and standards are set forth in this court's previous opinion.  *See Yowell v. Thaler*, 442 F. App'x 100 (5th Cir. 2011).

No. 12-70033

pretermitted claims that had been rejected on the merits in state habeas proceedings.[2] On remand, the district court denied and dismissed with prejudice both claims and denied a certificate of appealability ("COA"). Yowell seeks a COA from this court. We deny his request.

## I.

A COA is appropriate only if Yowell "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court rejected Yowell's claims on the merits, he "must demonstrate that reasonable jurists" would find the district court's decision "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, both claims were denied on the merits in state habeas proceedings, the proper question is "whether reasonable jurists could debate the district court's denial of habeas relief under the deferential standard of review mandated by § 2254(d) and (e)." *Feldman v. Thaler*, 695 F.3d 372, 377 (5th Cir. 2012).

Under § 2254(d), the district court should have denied habeas relief unless the state court's adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To meet that difficult standard, Yowell was required to show that the state habeas court's decision was "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

---

[2] *Id.* at 106 (remanding "for the court to address only those pretermitted issues").

No. 12-70033

## II.

### A.

At trial, the defense entered over 800 pages of medical records into evidence and called Dr. Philip Davis, a psychologist, to highlight important information regarding Yowell's mental health history. The court did not allow Davis to interpret those records or give an opinion as to Yowell's legal insanity at the time of the murders. According to Yowell, the court excluded the testimony as hearsay. He alleged in his habeas petition that his trial counsel rendered ineffective assistance in failing to elicit the doctor's expert opinion via unobjectionable hypothetical questions.

The state habeas court found that Davis was unable to render an opinion as to whether Yowell was insane at the time of the murders and that Davis was not an expert on future dangerousness. Davis testified for two hours, highlighting the most important information in the medical records for the jury, as he had discussed with defense counsel before trial. Because Yowell failed to set forth what hypothetical questions should have been asked or what the answers would have been, the state court denied habeas relief; Yowell failed to establish either deficient performance or prejudice.

The district court held that that conclusion was reasonable and consistent with federal law. Yowell's assertions regarding hypothetical questions continued to be conclusional and speculative. Also, Davis testified that he could not render an opinion as to Yowell's sanity. Yowell could not, therefore, demonstrate prejudice from counsels' failure to ask hypothetical questions. Furthermore, the state court limited Davis's testimony not because of hearsay but because Davis had not examined Yowell and had not been designated as such an expert witness, which was a fully informed strategic decision by counsel. *Yowell*, 442 F. App'x at 102 & n.1.

On appeal, Yowell does not criticize the district court's conclusion that fail-

3

ing to ask hypothetical questions was not ineffective assistance. Instead, he attempts to resurrect a previously dismissed argument, which he did not appeal, that his counsel were ineffective in failing to give notice of Davis's testimony. As the state points out, that claim is not properly before us, because it is beyond the scope of our limited remand. Yowell's failure to obtain a COA on the issue when it was dismissed precludes us from considering it now.[3]

The district court's conclusion—that the state court's adjudication was not objectively unreasonable—is not reasonably debatable. We have consistently held that conclusional and speculative allegations of ineffective assistance are not grounds for habeas relief.[4] Furthermore, it is not reasonably debatable that Davis's "admi[ssion] at trial that he was unable to render an opinion as to Yowell's sanity" would "preclude[] any prejudice regarding counsel's alleged failure" to elicit such an opinion through hypothetical questions.

Yowell also asserted in his petition that his trial counsel were ineffective in failing to re-offer Davis's testimony at the punishment phase. The state habeas court found that the medical records, highlighted by Davis during the guilt/innocence stage, presented a sympathetic portrait of Yowell's background. Trial counsel did not render ineffective assistance, the state court concluded, in failing to present similar evidence during the punishment phase, nor did their failure prejudice Yowell.

The district court held that the state habeas court's determination was not objectively unreasonable. "In Texas, '[t]here is no requirement that evidence

---

[3] *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009) (citing 28 U.S.C. § 2253(c); *Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir.1998)).

[4] *E.g.*, *Kinnamon v. Scott*, 40 F.3d 731, 734–35 (5th Cir. 1994) (refusing to grant relief on conclusional and speculative claims of ineffective assistance); *Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) (holding that conclusional allegations of ineffective assistance were without merit "[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial").

No. 12-70033

admitted at guilt/innocence be re-offered to be considered at punishment.'"[5] "Because the defense introduced mitigating evidence during trial, we must assume, as the state habeas court did, that the jury considered it during the punishment phase, especially in light of the fact that Yowell's attorney referred to the medical records during his closing statement." *Id.* The district court's conclusion is not reasonably debatable.

## B.

In his petition, Yowell also argued that he was entitled to relief because his appellate counsel was ineffective in failing to raise on appeal his trial counsels' failure to elicit Davis's opinion through hypothetical questioning. The state habeas court denied relief, because Yowell had failed to establish why appellate counsel acted as he did or to demonstrate that Yowell would have prevailed on appeal. The district court denied relief because (1) Yowell had failed to show that the state court's determination was objectively unreasonable and (2) because he could not demonstrate that, had appellate counsel raised his claim on appeal, the conviction would have been reversed, much less that counsel's failure resulted in the proceedings' being fundamentally unfair or unreliable. *See Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Yowell fails to mention this issue in his request for COA and accompanying brief, so he has abandoned it as a ground for a COA. *See Trevino v. Johnson*, 168 F.3d 173, 181 n.3 (5th Cir. 1999). Furthermore, because appellate counsel was under no obligation to raise every nonfrivolous claim, *see Jones v. Barnes*, 463 U.S. 745, 753–54 (1983), the district court's conclusion is not reasonably debatable.

The request for a COA is DENIED.

---

[5] *Yowell*, 442 F. App'x at 105 (quoting *Buchanan v. State*, 911 S.W.2d 11, 13 (Tex. Crim. App. 1995) (second alteration in original)).